# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GOVERNOR JESSE VENTURA,                    Civil No. 12-472 RHK/AJB

             Plaintiff,

v.

CHRIS KYLE,

             Defendant.

---

**Defendant Chris Kyle's First Set of Discovery Requests to Plaintiff Jesse Ventura**

---

TO:   PLAINTIFF AND HIS ATTORNEYS, David Bradley Olsen and John N. Bisanz, Jr., Henson & Efron, P.A., 220 South Sixth Street, Suite 1800, Minneapolis, MN 55402-4503

**PLEASE TAKE NOTICE** that Defendant Chris Kyle hereby requests, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, that Plaintiff Jesse Ventura answer the following discovery requests within thirty (30) days after service hereof.

## DEFINITIONS

1.      The terms "you," "your," and "Plaintiff," refer to Plaintiff Jesse Ventura a/k/a James G. Janos.

2.      The terms "Kyle" and "Defendant" refer to Defendant Chris Kyle.

3.      The "Complaint" shall mean the Complaint that Plaintiff served in this action, dated January 23, 2012.

4.     "Book" shall mean the book *American Sniper, The Autobiography of the Most Lethal Sniper in U.S. Military History*, co-authored by Kyle and published in January 2012 by William Morrow, an imprint of HarperCollins Publishers.

5.     (a)    "Published Statements" shall mean the allegedly wrongful statements Kyle made in the Book and to the media, specifically referenced in the Complaint at ¶¶ 18, 21, 22, and 24 and Exhibits A, B, C, and E.

(b)    "Statement element" shall mean each discrete factual assertion contained within any Published Statement.

6.     When used in reference to a natural person, "identify" and "identity" shall be read and interpreted as requiring you to set forth:

(a)    his/her full name;

(b)    the identity of his/her current or last known employer and his/her position with that employer; and

(c)    his/her current or last known residential address and telephone number.

7.     When used in reference to any entity other than a natural person, "identify" and "identity" shall be read and interpreted as requiring you to set forth:

(a)    the nature of the entity (partnership, joint venture, corporation, Federal agency, etc.);

(b)    its present or last known address and telephone number; and

(c)    the identity of its managing agent.

8.     "Document" shall have the broadest possible meaning permitted under Minnesota law, and shall include all writings of any kind, including the originals and all non-identical copies, including without limitation, correspondence, memoranda, notes,

2

invoices, bulletins, calendars, diaries, contracts, agreements, letters, telegrams, minutes,

reports, studies, checks, statements, receipts, vouchers, invoices, summaries, pamphlets,

blueprints, specifications, drawings, sketches, interoffice and intra-office

communications, notations of any sort of conversation, telephone calls, meeting or other

communications, agendas, computer printouts, graphical records or representations of any

kind (including without limitation photographs, charts, graphs, microfiche, microfilm

videotapes, recordings, motion pictures), computer printouts, electronic data

computation, electronic mail, computer documents or files, computer disks, computer

programs, computer software, tapes and all other tangible things upon which any

handwriting, typing, printing, drawing, representation, photocopy, magnetic, electrical or

optical impulse or other form of communication is recorded or reproduced, and

preliminary drafts and non-identical copies of the above.  The term also includes each

and every file folder or other material in which the above items are stored, filed or

maintained.

     9.    When used in reference to a document, "identify" and "identity" shall be

read and interpreted as requiring you to set forth:

       (a)    the type of document (letter, memorandum, etc.);

       (b)    the date the document was prepared;

       (c)    the identity of each author of the document, including each person who participated in the drafting, editing or revising of the document even though not indicated thereon as an author;

       (d)    the identity of each recipient of the document, including each copy and each person who received or reviewed a copy of the document, even though not indicated thereon as a recipient; and

(e)   the identity of the file (by name and location) the document is located in and of the custodian of that file (or, in the case of a lost or destroyed document, the last known file and custodian).

10.   "Communication" means any oral, written, electronic, or other transfer of information, ideas, opinions or thoughts by any means, from or to any person or thing. "Public or private communication" means any such communication from or to any person or thing, whether in a private conversation limited to two or more persons, or in a published or broadcast news report, or in a public record, or in information available on the Internet.

11.   "Refer or relate to" means comprising, mentioning or describing, containing, enumerating, involving or in any way concerning, pertaining to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

12.   In interpreting these discovery requests, definitions, and instructions:  any masculine, feminine, or neuter term includes all other genders; the singular includes the plural and the plural includes the singular; and "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively.

## INSTRUCTIONS

1.   The discovery requests set forth herein seek all responsive information that is within the possession, custody, or control of, or is known or available to, Plaintiff.

2.   The discovery requests set forth herein shall be construed so as to make Plaintiff's responses inclusive rather than exclusive.

4

3.     Responsive documents and things shall be produced as kept in the ordinary course of your affairs or shall be produced in a manner organized and labeled to correspond with the categories in these requests for production.  If there are no documents or things responsive to a particular request, state so in writing.

4.     If any statement, communication, document, or information in any way responsive to these requests is withheld under any claim or assertion of privilege, state the following with regard to each statement, communication, document, or information:

(a)     The nature of the statement, communication, document, or information claimed to be privileged;

(b)     A sufficient description of the subject matter to allow the court to rule upon the asserted privilege;

(c)     The date of the statement, communication, document, or information;

(d)     The privilege asserted with regard to the statement, communication, document, or information and the specific basis of the claim of privilege;

(e)     The name of the person or party writing, authoring, preparing, or otherwise responsible for the existence of the statement, communication, document, or information;

(f)     The name and address of the person or party having present custody or control of the statement, communication, document, or information; and

(g)     The names and addresses of persons identified or referenced in the statement, communication, document, or information, as well as any other persons indicated as having been provided a copy thereof.

5.     If a responsive document was, but is no longer, in your possession, custody or control, state what disposition was made of it, and identify it as follows:

(a) describe the type of document (e.g., letter, memorandum, report, diary, chart, etc.);

(b) provide the date, if any, of the document;

(c) identify the author(s) of the document;

(d) identify each addressee appearing on the document;

(e) identify each recipient of the document or any copies of the document;

(f) describe the contents of the document;

(g) describe the present location of the document;

(h) identify the person(s) having possession, custody or control of the document; and

(i) if the document has been lost or destroyed, identify the author and recipient(s) of the document and provide a description of the circumstances under which the document was lost or destroyed; and a detailed description of the document.

6.     If you encounter any ambiguity in construing a discovery request, definition, or instruction herein, you shall make your best efforts to interpret the interrogatory, definition, or instruction within the context of this litigation and shall set forth the matter deemed ambiguous, and the construction or interpretation chosen or used in responding.

7.     To the extent that you consider any of the following interrogatories or subparts thereof to be objectionable, answer that portion of the interrogatory, or subpart thereof, to which you have no objection and separately state the portion of the interrogatory, or subpart thereof, to which you lodge an objection, stating the specific grounds for your objection.

8.     To the extent that a discovery request calls for information which cannot now be precisely and completely furnished, such information as can be furnished should be included in the response, together with a statement that the further information cannot be furnished and a statement as to the reasons therefore.  If the information that cannot now be furnished is believed to be available to another person, state the name and current or last known business and residence address and telephone number of that person as well as the reasons for believing that the person has the described or requested information. Should such information subsequently become available, it is to be furnished to defendant within a reasonable time inasmuch as these interrogatories are continuing and require supplementation by plaintiff.

9.     When an interrogatory asks for specific information (e.g., a date) and the precise specific information is unknown, the answer shall give the best approximation of the information requested, provided that the answer also indicates the information being given is an approximation.

10.    These discovery requests are continuing.  If any information relative to the subject matter inquired into herein is later obtained by you, your representatives, employees, agents, or counsel, you are directed to furnish such additional information to the undersigned attorneys within 30 days of obtaining that information.  All discovery requests below extend to any information received in the future, continuing through the completion of trial. *Objection will be made at the time of trial to any attempt to introduce evidence that is directly sought by these discovery requests and as to which you have not made timely disclosure.*

## INTERROGATORIES

### INTERROGATORY NO. 1:

State each address at which you have resided since January 1, 2003, state the dates during which you resided at each address, identify each person residing with you at each address, and identify each of your principal businesses and employers and sources of income since January 1, 2003.

### INTERROGATORY NO. 2:

Provide a detailed, minute-by-minute/hour-by-hour account of your activities and whereabouts on October 12 and October 13, 2006, and identify each other person who was present with you during that period.

### INTERROGATORY NO. 3:

Identify all witnesses whom you expect to call as experts to give opinion testimony in the trial of this matter, including the following:

(a)   The identity of the witness(es)' employer or the organization with which he or she is associated in any professional capacity;

(b)   A summary of the witness(es)' qualifications within the field in which he or she is expected to testify;

(c)   The substance of the testimony witness(es) is expected to give;

(d)   Whether such opinions have been reduced to writing; and,

(e)   The dates of all reports, both oral and written, rendered by such expert.

**INTERROGATORY NO. 4:**

Identify each person you will or may call as a witness at the trial in this matter who is not an expert, and describe the area of knowledge of each such person as it relates to this action.

**INTERROGATORY NO. 5:**

Identify all evidence that you allege supports your contention in Paragraph 19 of the Complaint that "The quoted passage from *American Sniper* attached hereto as Exhibit A contains matters of description, facts and circumstances for readers to infer that Kyle was referring to Governor Ventura."

**INTERROGATORY NO. 6:**

Identify each person who has stated or otherwise indicated to you that he/she read the passage from the Book quoted in Exhibit A to the Complaint and that he/she inferred from what he/she read that "Scruff Face" referred to you.

**INTERROGATORY NO. 7:**

As to each element of each of the Published Statements that you contend was false and defamatory:

    (a) Describe in detail the factual basis for your claim that the statement element was false;

    (b) Describe in detail the factual basis for your claim that the statement element was defamatory;

    (c) Describe in detail the factual basis for your claim that you have sustained damages as a result of the publication of this statement element (including the nature and extent of any damages and the relationship between this statement element and your claimed damages);

(d) Identify each witness and document relating to the claim of damages; and

(e) Describe in detail each effort you made to mitigate damages allegedly resulting from the publication of this statement element and identify each person making such efforts on your behalf.

## INTERROGATORY NO. 8:

Identify the person(s) best able to testify in discovery concerning the damages you allege you have sustained as a result of the Published Statements. As to each such person, state in detail the substance of such knowledge.

## INTERROGATORY NO. 9:

Identify each person who has stated or otherwise indicated to you that he read, heard, or otherwise became aware of each or any of the Published Statements; state the date(s) on which each person mentioned each or any of the Published Statements to you; describe each such person's relationship to you (e.g., family member, friend, neighbor, classmate, etc.) and state when each such relationship began; and state the substance of that person's communication(s) with you concerning each or any of the Published Statements.

## INTERROGATORY NO. 10:

Identify each person who has stated or otherwise indicated to you that he/she thought less of you, or had altered his/her opinion of you in any negative fashion, as a result of reading or otherwise become aware of each or any statement element in any of the Published Statements; state the date(s) on which he/she discussed with you or otherwise indicated that he/she thought less of you, or had altered his/her opinion of you in any negative fashion, as a result of reading or otherwise becoming aware of each or

10

any statement element in any of the Published Statements; describe that person's

relationship(s) to you (e.g., family member, friend, neighbor, classmate, etc.) and state

when each such relationship began; and state the substance of that person's

communication(s) with you concerning the Published Statements or his/her indication

that he/she thought less of you, or had altered his/her opinion of you in any negative

fashion, as a result of reading or otherwise becoming aware of each or any of the

Published Statements.

**INTERROGATORY NO. 11:**

With respect to the allegation in Paragraph 42 of your Complaint that as a "direct

result" of the Published Statements, your "reputation and standing in the community . . .

has been harmed," you have been "embarrassed and humiliated," and you have "suffered

emotional distress":

(a)     Identify each person who has stated or otherwise indicated to you that
        he/she held you in a position of ridicule, contempt, distrust, or disgrace or
        thought less of you or altered his/her opinion of you in any negative
        fashion; state the date(s) on which he/she discussed with you or otherwise
        indicated that he/she thought of you in such fashion as a result of reading or
        otherwise becoming aware of each or any statement element of any of the
        Published Statements; describe that person's relationship(s) to you (e.g.,
        family member, friend, neighbor, classmate, etc.) and state when each such
        relationship began; and state the substance of that person's
        communication(s) with you concerning the Published Statements or his/her
        indication that he/she thought of you in such fashion as a result of reading
        or otherwise becoming aware of each or any of the Published Statements.

(b)     Describe in detail the injury to your reputation and the mental and
        emotional distress that you allege you have felt as a result of each statement
        element of any of the Published Statements, including the nature of the
        distress, the times and duration of the distress, and any witnesses to the
        distress.

(c)     Identify all health care providers who have consulted with you, advised
you, or treated you with respect to the alleged mental and emotional
distress; state the dates and substance of all communications and treatments
with respect to such health care providers.

## INTERROGATORY NO. 12:

With respect to the allegation in Paragraph 43 of your Complaint that the

Published Statements have "negatively affected and will continue to negatively affect

Governor Ventura in connection with his business and professions, including but not

limited to his current and future opportunities as a political candidate, political

commentator, author, speaker, television host and personality, and all other commercial

endeavors that involve exploitation of his name, likeness, and public persona":

(a)     Describe in detail all business and professional opportunities that you
believe you have been or may be unable to realize as a result of the
Published Statements, including the nature of the opportunity, the progress
you had made toward realizing the opportunity prior to January 2012, and
any monetary benefit you expected to gain from the opportunity.

(b)     Identify each person who has stated or otherwise indicated to you that,
because of the Published Statements, one or more of the business or
professional opportunities described in (a) is foreclosed and no longer
available to you; state the date(s) on which he/she discussed with you or
otherwise indicated that the opportunity was no longer available; describe
that person's relationship(s) to you (e.g., family member, friend, neighbor,
classmate, etc.) and state when each such relationship began; and state the
substance of that person's communication(s) with you concerning the
Published Statements.

## INTERROGATORY NO. 13:

If you contend that Kyle made any admissions that are admissible in this case,

describe with particularity the admission, including the time, date, and place of the

admission, the identity of the person making the admission, the substance of the

admission, and identify all persons who have any knowledge or familiarity with the admission, and describe the knowledge or information they possess.

**INTERROGATORY NO. 14:**

Identify all health care providers who have consulted with you, advised you, or treated you since February 1, 2003; state the dates and substance of all communications and treatments with respect to such health care providers.

**INTERROGATORY NO. 15:**

Identify each person participating in preparing answers to Defendant's discovery requests, and state the information provided by each.

## **REQUESTS FOR DOCUMENTS, STATEMENTS, AND THINGS**

You are requested to produce copies of the following documents, statements, and things to the extent that they are within the possession, custody, or control or yourself, your attorneys, or any other person who has acted on your behalf with respect to the matters alleged in your Complaint:

1.     Any and all documents relating to any type of damages you claim you have sustained as a result of the publication of the Published Statements.

2.     Any and all statements made by any person concerning the Published Statements or the subject matter of this lawsuit.

3.     Your tax returns since tax year 2002.

4.     Any and all photographs taken of you on October 11, October 12, October 13, or October 14, 2006.

5.     Any and all documents relating to the altercation between you and Kyle described in the Book.

6.     Any and all documents relating to any comments that any person has made on or after October 12, 2006, about the altercation between you and Kyle described in the book.

7.     Any and all documents relating to your activities and whereabouts on October 12 and October 13, 2006.

8.     Any and all expert reports prepared in this matter.

9.     Any and all documents containing or reflecting admissions you contend the Defendant has made in this matter.

10.    Any and all documents that support, contradict, or otherwise relate in any way to the subject matter of any of your answers to any of the interrogatories served by Defendant.

11.    Any and all medical reports, invoices, payments, and records relating to the "emotional distress" alleged in Paragraph 42 of your Complaint.

12.    Any and all documents that you have identified or referred to in your answers to Defendant's interrogatories, that refer to any matters requested in Defendant's interrogatories or any matters described or referred to in your answers to Defendant's interrogatories, or that you have reviewed or consulted in the course of preparing your answers to Defendant's interrogatories.

13.    A sufficient number of completed and signed Authorization(s) for Disclosure of Health Information (several copies enclosed) so that we may obtain the release of all records of any and all health care providers (including psychiatrists and psychologists) who have provided treatment to you since February 1, 2003.

FAEGRE BAKER DANIELS LLP

Dated:  May 11, 2012                    By _____
                                        John P. Borger, #9878
                                        Leita Walker, #387095
                                        90 South Seventh Street, Suite 2200
                                        Minneapolis, MN  55402
                                        Telephone:  612-766-7000
                                        Attorneys for Defendant

fb.us.8458054.02

15

## CERTIFICATE OF SERVICE

I, Mary A. Walker, an attorney, hereby certify that on May 11, 2012, I caused a true copy of **Defendant Chris Kyle's First Set of Discovery Requests (Interrogatories and Requests for Documents, Statements and Things) to Plaintiff Jesse Ventura** to be sent by personal service to the following:

David Bradley Olsen
John N. Bisanz, Jr.
Henson & Efron, P.A.
220 South Sixth Street, Suite 1800
Minneapolis, MN 55402-4503

fb.us.8458054.02