# EXHIBIT C



FaegreBD.com

**John P. Borger**
+1 612 766 7501
john.borger@FaegreBD.com

Faegre Baker Daniels LLP
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Phone +1 612 766 7000
Fax +1 612 766 1600

USA ▾ UK ▾ CHINA

June 20, 2012

David Bradley Olsen
Henson & Efron, P.A.
220 South Sixth Street, Suite 1800
Minneapolis, MN 55402

Re:   <u>Ventura v. Kyle</u>

Dear David:

We appreciate your timely responses to the written discovery served upon plaintiff Jesse Ventura in this matter. Unfortunately, some of those responses were incomplete. This letter calls your attention to those shortcomings in an attempt to resolve the matter without Court action, as required by Local Rule 37.1.

**Interrogatory No. 1:**

Plaintiff is being unnecessarily vague about his current addresses. Even Wikipedia provides more information: "Ventura currently lives in both Dellwood, Minnesota and Cabo San Lucas, Mexico." We do not believe that disclosure of specific addresses needs to be subject to a protective order, but we have no objection to your providing that information informally in a separate letter to us.

Please fully "identify" (as defined in the written discovery requests) each of plaintiff's "principal businesses and employers and sources of income since January 1, 2003" rather than simply describing them in general terms.

**Interrogatory No. 2:**

Please fully "identify" William DeWitt, Charlene DeWitt, Mike Gotchey, and Mike Seidler.

**Interrogatory No. 3:**

We will expect your supplementation of this response as you determine each expert witness and receive their reports, not simply at the last possible date allowed by the Pretrial Scheduling Order.

David Bradley Olsen                              Page 2                              June 20, 2012

**Interrogatory No. 4:**

Please fully "identify" William DeWitt, Charlene DeWitt, Mike Gotchey, and Mike Seidler.

**Interrogatory No. 6:**

To the extent that plaintiff is aware of specific individuals who fall within the category described in the interrogatory, each such individual should be "identified" (as defined in the written discovery requests).

It is possible to interpret the current, somewhat argumentative response to Interrogatory No. 6 as boiling down to a simple one-word answer: "None." If that interpretation is correct, please so state.

**Interrogatory No. 7:**

The current response to 7(b) is not specific as to each "statement element." For each of the elements specified as "false" in Response 7(a), please respond specifically in Response 7(b).

The current response to 7(c) is not specific as to each "statement element." For each of the elements specified as "false" in Response 7(a), please respond specifically in Response 7(c).

**Interrogatory No. 9:**

It is possible to interpret the current response to Interrogatory No. 9 as boiling down to: "None, other than Governor Ventura's wife, Terry Janos, and his son, Tyrel Janos." If that interpretation is correct, please so state.

**Interrogatory No. 10:**

To the extent that plaintiff is aware of specific individuals who fall within the category described in the interrogatory, each such individual should be "identified" (as defined in the written discovery requests).

**Interrogatory No. 11:**

To the extent that plaintiff is aware of specific individuals who fall within the category described in the interrogatory, each such individual should be "identified" (as defined in the written discovery requests).

**Interrogatory No. 12:**

No meaningful response has been provided to Interrogatory 12(a).

To the extent that plaintiff is aware of specific individuals who fall within the category described in Interrogatory 12(b), each such individual should be "identified" (as defined in the written discovery requests).

David Bradley Olsen                              Page 3                              June 20, 2012

**Interrogatory No. 14 (mis-designated in the Response as "3"):**

The response addresses only "medical providers concerning damages suffered as a result of Defendant's defamatory statements." The interrogatory is not so limited. Information relating to plaintiff's physical and mental condition(s) during designated period is reasonably calculated to lead to the discovery of relevant admissible evidence. Please answer the interrogatory.

**Document Request No. 1:**

It seems unlikely that there are no documents responsive to this request. For example, the response to Interrogatories Nos. 1 and 7(c) (incomplete though they are) allude to television shows, books, role as a paid spokesperson, and acting in the past; documents regarding such past activities and possibilities for similar activities planned, proposed, or desired in the future would be responsive to the request. Documents regarding past activities, at the very least, should exist and should be produced.

**Document Request No. 2:**

It seems unlikely that there are no documents responsive to this request. For example, the response to Interrogatory No. 10 (incomplete though it is) alludes to "a multitude of commentaries, blog entries, and other publications." Please produce copies of responsive documents.

**Document Request No. 6:**

It seems unlikely that there are no documents responsive to this request. For example, the response to Interrogatory No. 10 (incomplete though it is) alludes to "a multitude of commentaries, blog entries, and other publications." Please produce copies of responsive documents.

**Document Request No. 7:**

It seems unlikely that there are no documents responsive to this request. For example, the response to Interrogatory No. 2 describes air travel, car rental, hotel stay, a graduation ceremony, and presence at McP's Irish Pub. Most or all of these events would have documents associated with them, such as reservation papers, credit card receipts or statements, cancelled checks, program materials, etc. There also might be photographs taken at McP's or at the BUD/S Class 258 graduation ceremony.

Please produce copies of responsive documents.

**Document Request No. 8:**

We will expect your supplementation of this response as you determine each expert witness and receive their reports, not simply at the last possible date allowed by the Pretrial Scheduling Order.

David Bradley Olsen	Page 4	June 20, 2012

**Document Request No. 13:**

Information relating to plaintiff's physical and mental condition(s) during designated period is reasonably calculated to lead to the discovery of relevant admissible evidence. Please provide the requested authorization.

Sincerely,

John P. Borger

BORJP

cc:   Leita Walker

fb.us.8752754.02