# EXHIBIT F

FaegreBD.com

# FAEGRE BAKER
## DANIELS

USA ▾ UK ▾ CHINA

**John Borger**
**+1 612 766 7501**
**john.borger@FaegreBD.com**

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Phone +1 612 766 7000
Fax +1 612 766 1600

July 11, 2012

**VIA FACSIMILE, ORIGINAL TO FOLLOW BY U.S. MAIL**

David Bradley Olsen
John N. Bisanz, Jr.
Henson & Efron, P.A.
220 South Sixth Street, Suite 1800
Minneapolis, MN  55402

**Re:**    **Ventura v. Kyle**

Dear Counsel:

We have received your supplemental responses of July 10, 2012. Plaintiff still needs to execute the discovery responses.

In addition, the responses remain incomplete in at least three significant respects.

First, to the extent that Plaintiff is seeking damages for loss of income or other financial damages, he needs to disclose the nature *and extent* of those damages, and past financial data (such as that requested in Interrogatories Nos. 1 and 12 and Document Requests Nos. 1 and 3). Generalities about past "business and commercial opportunities on a regular basis" or similar statements will not suffice. Furthermore, the response to Document Request No. 3 is difficult to decipher; tax returns are not privileged and should be readily available to Plaintiff, so they should be produced without delay.

Second, generalities regarding reputational harm and emotional distress will not suffice. Interrogatory No. 7 expressly calls for detail regarding the *nature* and *extent* of such damages in relation to *each* allegedly false and defamatory statement. If it is Plaintiff's position that each and every such statement caused exactly the same reputational harm or emotional distress, whether by itself or in combination with other particular statements (which should be specified), Plaintiff should so state. If one or more of the statements caused reputational harm or emotional distress separate and distinct from one or more other statements, each such statement should be identified and the nature and extent of such damages should be described in detail. This also applies to Interrogatory No. 11.

Third, information regarding Plaintiff's health care providers and records is reasonably calculated to lead to the discovery of relevant and admissible evidence. Notwithstanding Plaintiff's assertion that he

David Bradley Olsen                    -2-                    July 11, 2012
John N. Bisanz, Jr.


"has not yet consulted any medical providers concerning damages suffered as a result of Defendant's defamatory statements," past records relating to his mental/emotional/physical health may reveal alternative sources for any current distress or for evaluating the credibility and extent of such alleged distress. Records in the time period September to November 2006 may provide evidence relating to the events described in the Book.


Sincerely,

John Borger


cc:     Leita Walker


BORJP:sab

fb.us.8885111.03