# EXHIBIT I

# Walker, Leita

| | |
|---|---|
| **From:** | John N. Bisanz, Jr. [jnb@hensonefron.com] |
| **Sent:** | Thursday, August 23, 2012 3:52 PM |
| **To:** | David Bradley Olsen; Walker, Leita |
| **Cc:** | Borger, John P.; Soppeland, Miriam (Mimi) |
| **Subject:** | RE: FW: Ventura v. Kyle--recap of phone call |
| **Attachments:** | JNB_0823154836_001.pdf |

Leita-

Thanks.  Our original executed version is attached.  You may e-sign on our behalf and file.

Regards,

John

John N. Bisanz, Jr.
Attorney at Law

## Henson & Efron
PROFESSIONAL ASSOCIATION

220 South Sixth Street, Suite 1800
Minneapolis, MN 55402-4503
Phone: (612) 252-2864
Fax: (612) 339-6364
jbisanz@hensonefron.com
www.hensonefron.com
Click Here for My Bio


>>> On 8/23/2012 at 3:42 PM, "Walker, Leita" <Leita.Walker@faegrebd.com> wrote:
Does the attached work for you?

**From:** John N. Bisanz, Jr. [mailto:jnb@hensonefron.com]
**Sent:** Thursday, August 23, 2012 3:39 PM
**To:** David Bradley Olsen; Walker, Leita
**Cc:** Borger, John P.; Soppeland, Miriam (Mimi)
**Subject:** RE: FW: Ventura v. Kyle--recap of phone call

Leita-

We would prefer to clarify that the stipulation so that it explicitly states that it does not affect the Governor's claims for damage to reputation, embarrassment or humiliation.  The latter two were left out.

John

John N. Bisanz, Jr.
Attorney at Law

## Henson & Efron
PROFESSIONAL ASSOCIATION

220 South Sixth Street, Suite 1800
Minneapolis, MN 55402-4503
Phone: (612) 252-2864
Fax: (612) 339-6364

1

jbisanz@hensonefron.com
www.hensonefron.com
Click Here for My Bio


>>> On 8/23/2012 at 3:22 PM, "Walker, Leita" <Leita.Walker@faegrebd.com> wrote:
> John, the attached document reflects this change. Please advise whether we can sign on your behalf and file it.
>
> Leita


**From:** John N. Bisanz, Jr. [mailto:jnb@hensonefron.com]
**Sent:** Thursday, August 23, 2012 2:43 PM
**To:** David Bradley Olsen; Walker, Leita
**Cc:** Borger, John P.; Soppeland, Miriam (Mimi)
**Subject:** RE: FW: Ventura v. Kyle--recap of phone call

Leita-

We will also agree to drop the "mental distress" claim, but not the embarrassment and humiliation claims.

Also, Governor Ventura did not seek treatment from any medical providers between September 30, 2006, and November 30, 2006. As such, we will not provide Authorization(s) for Disclosure of Health Information.

Regards,

John

John N. Bisanz, Jr.
Attorney at Law

Henson & Efron
PROFESSIONAL ASSOCIATION
220 South Sixth Street, Suite 1800
Minneapolis, MN 55402-4503
Phone: (612) 252-2864
Fax: (612) 339-6364
jbisanz@hensonefron.com
www.hensonefron.com
Click Here for My Bio


>>> On 8/23/2012 at 1:34 PM, "Walker, Leita" <Leita.Walker@faegrebd.com> wrote:
> John, if this is your position, then we still need medical records dating back to February 1, 2003, and will move to compel their production and for a complete response to Interrogatory No. 14.
>
> Leita

> **From:** John N. Bisanz, Jr. [mailto:jnb@hensonefron.com]
> **Sent:** Thursday, August 23, 2012 12:13 PM
> **To:** David Bradley Olsen; Walker, Leita
> **Cc:** Borger, John P.; Soppeland, Miriam (Mimi)
> **Subject:** Re: FW: Ventura v. Kyle--recap of phone call
>
> Leita-

Your draft stipulation should be revised so that it states only that any reference to "emotional distress" will be removed. We do not stipulate to the removal of references to embarrassment, humiliation, or mental distress.

Thanks,

John

John N. Bisanz, Jr.
Attorney at Law

# Henson & Efron
PROFESSIONAL ASSOCIATION

220 South Sixth Street, Suite 1800
Minneapolis, MN 55402-4503
Phone: (612) 252-2864
Fax: (612) 339-6364
jbisanz@hensonefron.com
www.hensonefron.com
Click Here for My Bio


>>> On 8/23/2012 at 8:45 AM, "Walker, Leita" <Leita.Walker@faegrebd.com> wrote:
> David and John, attached is a proposed stipulation that reflects our discussion yesterday regarding Ventura's anticipated withdrawal of any claim for emotional distress damages. We would like to get this on file this morning so that we do not have to address the issue in our motion to compel, which we will be filing later today.
>
> Also, if you could please confirm Ventura's willingness to provide medical records from the 2006 time period specified in my email from yesterday (below), I would appreciate it.
>
> Sincerely,
>
>
> **Leita Walker**
> *Associate*
> leita.walker@FaegreBD.com
>
> **Direct:** +1 612 766 8347
>
> FaegreBD.com   Download vCard
>
> **FAEGRE BAKER DANIELS LLP**
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, MN 55402-3901, USA


**From:** Walker, Leita
**Sent:** Wednesday, August 22, 2012 2:26 PM
**To:** 'David Bradley Olsen'; John N. Bisanz, Jr.
**Cc:** Borger, John P.; Soppeland, Miriam (Mimi)
**Subject:** FW: Ventura v. Kyle--recap of phone call

David and John, as I just discussed with David on the phone, although Ventura's withdrawal of his

3

emotional distress allegation significantly limits our need for his medical records, we continue to seek the following:

- Identification of all healthcare providers who consulted with Ventura, advised him or treated him, between September 30, 2006, and November 30, 2006. Please state the dates and substance of all communications and treatments with respect to such healthcare providers. If no healthcare providers consulted with Ventura, advised him or treated him during this two-month time period, please so state.
- A sufficient number of completed and signed Authorization(s) for Disclosure of Health Information so that we may obtain the release of all records of any and all healthcare providers who have provided treatment to Ventura between September 30, 2006, and November 30, 2006.

Please advise whether your client agrees to respond to these requests, which are modifications of Interrogatory No. 14 and Document Request No. 13.

Leita

---

**From:** Walker, Leita
**Sent:** Wednesday, August 22, 2012 11:53 AM
**To:** John N. Bisanz, Jr.; 'David Bradley Olsen'
**Cc:** Borger, John P.; Soppeland, Miriam (Mimi)
**Subject:** Ventura v. Kyle--recap of phone call

David and John,

This email memorializes the discussion we had by phone earlier this morning, in accordance with the Court's meet and confer requirement, regarding the motion to compel that we plan to file tomorrow.

During our phone call, you agreed to supplement the following interrogatories: No. 1, 9, 11(c), and 12. Specifically:

- In response to Interrogatory No. 1, you agreed to "identify" (as that term is defined in the discovery requests) each of Ventura's "principal businesses and employers and sources of income since January 1, 2003." As we discussed, Ventura's initial response is not sufficiently specific.
- In response to Interrogatory No. 9, you agreed to provide the requested information for the four individuals identified in your July 10 letter, including (1) the dates on which each individual mentioned to Ventura each or any of the Published Statements; (2) how Ventura knows, and when he came to know, each individual, to the extent that information is not provided in response to Interrogatory No. 4; and (3) the substance of the communication with Ventura concerning each or any of the Published Statements.
- In response to Interrogatory No. 11(c), you agreed, for the sake of completeness, to state (as you state in response to Interrogatory No. 14) that Ventura has not yet consulted any medical providers concerning damages suffered as a result of Kyle's statements.
- In response to Interrogatory No. 12, you agreed to either identify business/professional opportunities that Ventura has sought and been denied or, if none exist, to so state. Likewise you agreed to "identify" (as that term is defined in the discovery requests) each person who has stated or otherwise indicated to Ventura that he has lost out on a business/professional opportunity because of the Published Statements or, if no such individuals exist, to so state.

With regard to Interrogatory No. 14 and Document Request No. 13, you stated that Ventura will withdraw

4

any allegation that the Published Statements have caused him emotional or mental distress and that he will not seek damages for such distress. You indicated that you would send me an email confirming this representation.

You stated that you are in the process of reviewing documents received from Ventura and that we should expect to start receiving those on a rolling basing in the next few days and possibly by the end of the week.

Finally, we remind you that Ventura needs to sign his initial responses to the discovery requests, which he served more than two months ago, and that he also needs to sign both the first and (forthcoming) second set of supplemental responses.

Sincerely,

**Leita Walker**
*Associate*
leita.walker@FaegreBD.com

**Direct:** +1 612 766 8347

FaegreBD.com   Download vCard

**FAEGRE BAKER DANIELS LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901, USA

NOTICES:

CONFIDENTIALITY: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message.

TAX ADVICE DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, except as expressly provided to the contrary, any U.S. federal tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

NOTICES:

CONFIDENTIALITY: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message.

TAX ADVICE DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, except as expressly provided to the contrary, any U.S. federal tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

NOTICES:

CONFIDENTIALITY: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message.

TAX ADVICE DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, except as expressly provided to the contrary, any U.S. federal tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

NOTICES:

CONFIDENTIALITY: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message.

TAX ADVICE DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, except as expressly provided to the contrary, any U.S. federal tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.