UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jesse Ventura,
a/k/a James G. Janos,                                         Civil No. 12-0472 (RHK/SER)

        Plaintiff,

v.

Taya Kyle, Executrix of the
Estate of Chris Kyle,

        Defendant.

---

**PLAINTIFF JESSE VENTURA'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE DEFENDANT TAYA KYLE FROM OFFERING EVIDENCE AT TRIAL REGARDING TAXES PAID OR PAYABLE ON REVENUES RECEIVED FROM *AMERICAN SNIPER* OR OTHER SOURCES**

---

## PRELIMINARY STATEMENT

Plaintiff Jesse Ventura ("Ventura") submits this memorandum in support of his motion *in limine* to preclude Defendant Taya Kyle, Executrix of the Estate of Chris Kyle (the "Estate"), from offering any evidence at trial regarding taxes paid or payable on revenues received from Chris Kyle's book *American Sniper* or other sources.  During discovery, the Estate produced copies of checks made out to the Internal Revenue Service for taxes on *American Sniper*'s royalties.  As explained below, however, taxes paid by the Estate are not relevant to the calculation of damages on Ventura's unjust enrichment claim, nor to the determination of any other issue in this case.

In addition to lack of relevance, there is also a common sense reason to exclude evidence of taxes paid. If, for example, the Estate offers evidences of taxes paid, Ventura would then need to counter with evidence that he will be taxed on the damages award, as well as evidence that the Estate may legally file a post-judgment amended tax return to cancel out the effect of the judgment. The back and forth evidence would needlessly complicate these proceedings and would confuse the jury. For these, and all of the reasons below, the Court should preclude the Estate from introducing any evidence at trial, including copies of checks to the IRS, relating to taxes paid by the Estate on any revenue received.

## ARGUMENT AND AUTHORITY

The amount of tax paid by the Estate on revenue generated from *American Sniper* or any other source is not relevant to the calculation of damages for unjust enrichment, and is therefore not admissible under Rule 402 of the Federal Rules of Evidence. *See, e.g.*, *Danzig v. Jack Grynberg & Assocs.*, 208 Cal. Rptr. 336, 343 (Cal. Ct. App. 1984) ("[W]e are persuaded that the *Burgess-Hall* rule, that tax consequences are irrelevant to the recovery of damages, is better reasoned.").

The United States Supreme Court has held that tax consequences are not relevant when calculating damages for lost profits, and the same reasoning should be applied here. *See Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481 (1968). In *Hanover Shoe*, a shoe manufacturer sued a machinery manufacturer, alleging that its practice of leasing the more sophisticated machines instead of selling them was a violation of the Sherman Act. *Id.* at 483-4. The shoe manufacturer sought to recover its lost profits

based on the excess cost of having to lease the equipment rather than purchasing the machines outright.  *Id.* at 484.  In response, the machinery manufacturer argued that any award of lost profits granted to the shoe manufacturer should be reduced by the amount of taxes that the plaintiff would have paid on those profits.  *Id.* at 502-3.  The Supreme Court rejected that argument, holding that:

> [S]ince [the shoe manufacturer] will be taxed when it recovers damages from [the machinery manufacturer] . . . , to diminish the actual damages by the amount of the taxes that it would have paid had it received greater profits in the years it was damaged would be to apply a double deduction for taxation, leaving [the shoe manufacturer] with less income than it would have had if [the machinery manufacturer] had not injured it.

*Id.*

Other courts have reached the same conclusion.  *See, e.g.*, *Burgess v. Premier Corp.*, 727 F.2d 826, 838 (9th Cir. 1984) ("A better result is to set damages equal to the doctors' losses exclusive of tax benefit.").  Courts have also been quick to point out that, "any tax deductions plaintiffs claimed based on their losses will have to be offset by filing amended returns if plaintiffs recover any judgment." *Eacho v. N.D. Res., Inc.*, Civ. A. 83-2903, 1985 WL 1717, at *5 (D.D.C. May 24, 1985).

As the cases cited above demonstrate, whatever taxes that are paid by the Estate on revenues received from *American Sniper* or other sources is not relevant to the determination of Ventura's damages, and should not be admitted.  Damages for unjust enrichment cannot be awarded on an after-tax basis, because "[u]nder Minnesota law, . . . 'the gist of the action [for unjust enrichment] is that the defendant has received money which in equity and good conscience **should have been paid to the plaintiff**.'"  *UFE Inc. v. Methode Elecs., Inc.*, 808 F. Supp. 1407, 1416 (D. Minn. 1992) (emphasis added)

3

(quoting *Cady v. Bush*, 166 N.W.2d 358, 361 (Minn. 1961)).  Because Ventura will be required to pay taxes on any amount that the jury determines "should have been paid" to him, reducing the damages based on the taxes paid by the Estate would mean subjecting the award to double taxation.  *See Hanover Shoe*, 392 U.S. at 503.

Furthermore, the Estate can file an amended return reflecting the amount by which its revenues have been reduced, and it can offset the taxes paid on any revenues it must disgorge.  *See Burgess*, 727 F.2d at 838.  There is, therefore, nothing inequitable about awarding damages to Ventura without regard for the Estate's tax payments, and evidence of the parties' relative tax liabilities would only complicate and confuse the evidence.

## **CONCLUSION**

For the foregoing reasons, the Court should preclude the Estate from introducing any evidence at trial relating to taxes paid by the Estate on revenues received from *American Sniper* or other sources.

**HENSON & EFRON, P.A.**

Dated:   April 21, 2014.                By *s/ David Bradley Olsen*
　　　　　　　　　　　　　　　　　　David Bradley Olsen, 197944
　　　　　　　　　　　　　　　　　　Court J. Anderson, 331570
　　　　　　　　　　　　　　　　　　John N. Bisanz, Jr., 0389098
　　　　　　　　　　　　　　　　220 South Sixth Street, Suite 1800
　　　　　　　　　　　　　　　　Minneapolis, Minnesota  55402-4503
　　　　　　　　　　　　　　　　Telephone:  612-339-2500
　　　　　　　　　　　　　　　　Facsimile:  612-339-6364
　　　　　　　　　　　　　　　　e-Mail:  dolsen@hensonefron.com
　　　　　　　　　　　　　　　　　　　　canderson@hensonefron.com
　　　　　　　　　　　　　　　　　　　　jbisanz@hensonefron.com
　　　　　　　　　　　　　　　　Attorneys for Plaintiff Jesse Ventura,
　　　　　　　　　　　　　　　　a/k/a James G. Janos