# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jesse Ventura a/k/a James
G. Janos,

           Plaintiff,

                                      Civ. No. 12-472 (RHK/JJK)

v.                                  **JURY INSTRUCTIONS**

Taya Kyle, as Executor of the Estate of
Chris Kyle,

           Defendant.

JURY INSTRUCTION NO. <u>1</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final Instructions of the Court as to the law that is applicable to this case. You should use these Instructions to guide you in your decisions. Copies of these Instructions will be given to each of you for use during your deliberations.

All of the Instructions given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final Instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the Instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial. Neither in these Instructions nor in any ruling, action, or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these Instructions, you, of course, are to be governed by the Instructions given to you by the Court.

You should not single out any one Instruction as stating the law, but must consider the Instructions as a whole in reaching your decisions. Nor should you concern yourselves with the wisdom of any rule of law stated by the Court because, regardless of

any opinion you may have as to what the law ought to be, it would be a violation of your

sworn duty as a juror to base your verdict upon any other view or opinion of the law than

that given in these Instructions of the Court.

You were chosen as jurors for this trial in order to evaluate all of the evidence

received and to decide each of the factual questions presented by the allegations brought

by the Plaintiff.  In resolving the issues presented to you for decision in this trial you

must not be persuaded by bias, prejudice, or sympathy for or against either of the parties

to this case or by any public opinion.

Justice – through trial by jury – depends upon the willingness of each of you to

seek the truth from the same evidence presented to all jurors and to arrive at a verdict by

applying the same rules of law as are now being given in these Instructions.

JURY INSTRUCTION NO.  2

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received in evidence, regardless of who may have produced the exhibits or called the witnesses.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  Keep in mind that it would be a violation of your sworn duty to base your verdict upon anything other than the evidence received in the case and the Instructions of the Court.

You are, however, permitted to draw from the facts which you find have been proved, such reasonable inferences as you feel are justified in light of your experience and common sense.  Inferences are simply deductions or conclusions that reason and common sense lead you to draw from the evidence received in the case.

There is nothing particularly different in the way each of you should consider the evidence in a trial from the way in which a reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to consider and evaluate the evidence in the case and to give it a reasonable and fair interpretation in light of your common knowledge and common sense.

Two types of evidence are generally presented during a trial – direct evidence and circumstantial evidence.  Direct evidence is proof that does not require an inference, such

as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.  As an example, direct evidence that it is snowing is testimony from a witness who says, "I was outside a minute ago and I saw it snowing." Circumstantial evidence that it is snowing is the observation of someone entering a room with snow on their jacket.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.

JURY INSTRUCTION NO.  3

If any reference by me or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not my statements or counsel's, and that is because you are the sole judges of the evidence received in this case.

Some of you have been taking notes throughout the trial.  While those notes may assist you in recalling certain evidence, they are not necessarily more reliable than any other juror's notes or recollection of that same evidence.  Keep in mind that a juror's notes are not evidence.

JURY INSTRUCTION NO.  4

You, as jurors, are the judges of the credibility or believability of each of the witnesses who testified in this case, including Mr. Ventura and Mr. and Mrs. Kyle, and only you determine the importance or the weight that the testimony deserves.  In making your assessment you should carefully examine all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness, in your opinion, is worthy of belief.

Consider each witness's intelligence, motive to falsify, if any, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which the witness has testified and consider whether the witness impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, whether the witness said something different at an earlier time, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's testimony here in court.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not uncommon.  In

weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your assessment concerning a witness's testimony, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

You should not base your decisions on the number of witnesses testifying for or against a party. You may find the testimony of a small number of witnesses is more credible than the testimony of a larger number. You should consider all of the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.

During trial, you watched several videotaped depositions. Those witnesses testified under oath in their depositions and you should consider their testimony and credibility in the same manner as you would any witness who testified here in person.

JURY INSTRUCTION NO. <u>5</u>

If the defendant in a lawsuit passes away while the lawsuit is still pending, the Court may substitute another individual in his or her place.  Here, Chris Kyle's widow, Taya Kyle, was appointed as the Executor of Chris Kyle's Estate after his death and is therefore his legal representative.  She has been properly substituted as the Defendant in this case in her capacity as Executor.  This is not a suit against Taya Kyle personally; it is a suit against the Estate of Chris Kyle.

JURY INSTRUCTION NO.  6

Plaintiff Jesse Ventura asserts three claims against Chris Kyle and the Defendant Estate:  (1) defamation; (2) invasion of privacy by appropriation; and (3) unjust enrichment.  The following instructions will explain each of these claims in more detail, as well as Mr. Ventura's burden of proof.

JURY INSTRUCTION NO.  7

There are two standards of proof that you will apply to the evidence in this case, depending on the issue you are considering.

For the most part, you must decide whether certain facts have been proved by "the greater weight of the evidence."  A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding which evidence is more believable.

But on one issue (discussed in Instruction No. 8C), you must decide whether a certain fact has been proved by "clear and convincing evidence."  A fact has been proved by clear and convincing evidence if you find it is highly probable that it is true or, put another way, you firmly believe it is true.

You may have heard the term "proof beyond a reasonable doubt."  That is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this one.

JURY INSTRUCTION NO.  8

In this case, Plaintiff Jesse Ventura claims that Chris Kyle defamed him by asserting in *American Sniper*, as well as on television and radio, that Mr. Ventura said "he hates America," the SEALs "were killing men and women and children and murdering," and the SEALs "deserve to lose a few."  To prevail on this defamation claim, Mr. Ventura must prove:

<u>One</u>, Mr. Kyle's story about Mr. Ventura was defamatory;

<u>Two</u>, the story was materially false; *and*

<u>Three</u>, Chris Kyle published the story knowing it was false, believing it was false, or having serious doubts about its truth.

If any of these three elements has not been proved, then you must answer "No" to Question No. 1 on the Verdict Form.

The following instructions explain each of these elements in more detail.

JURY INSTRUCTION NO.  8A

The first element is that Mr. Kyle's story about Mr. Ventura was <u>defamatory</u>.  The story was defamatory if it tends to:

1.   So harm the reputation of Mr. Ventura that it lowers his esteem in the community; *or*

2.   Deter persons from associating or dealing with him; *or*

3.   Injure his character; *or*

4.   Subject him to ridicule, contempt, or distrust; *or*

5.   Degrade or disgrace him in the eyes of others.

Mr. Ventura must prove this element by the greater weight of the evidence (see Instruction No. 7).

JURY INSTRUCTION NO.  8B

The second element is that Mr. Kyle's story about Mr. Ventura was <u>materially false</u> or, put another way, was <u>not substantially accurate</u>.  The story may be substantially accurate even if it contains minor inaccuracies, as long as the substance or gist of it is accurate.

Mr. Ventura must prove this element by the greater weight of the evidence (see Instruction No. 7).

JURY INSTRUCTION NO.  8C

The third element is that Mr. Kyle published the story about Mr. Ventura despite:

1.     Knowing the story was false; *or*

2.     Believing the story was false; *or*

3.     Having serious doubts about the story's truth.

Mr. Ventura must prove this element by clear and convincing evidence (see Instruction No. 7).

JURY INSTRUCTION NO.  9

Plaintiff Jesse Ventura also claims that Chris Kyle invaded his privacy by appropriating his name.  To prevail on this appropriation claim, Mr. Ventura must have proved his defamation claim.  Mr. Ventura must also prove by the greater weight of the evidence that Mr. Kyle appropriated to his own use or benefit the value of Mr. Ventura's name.

The value of a person's name is not appropriated by mere mention of it or in connection with publication about matters of legitimate public interest, so long as there is a real relationship between the plaintiff and the subject matter of the publication.  It is only considered appropriation when a plaintiff's name is used for the purpose of appropriating to the defendant's benefit the commercial or other value associated with the plaintiff's name.

JURY INSTRUCTION NO.  10

Plaintiff Jesse Ventura also claims that Chris Kyle and the Defendant Estate were unjustly enriched by the story about Mr. Ventura.  To prevail on this unjust-enrichment claim, Mr. Ventura must have proved his defamation claim.  He must also prove by the greater weight of the evidence:

One, the Defendant Estate knowingly received a benefit from the story; *and*

Two, the Defendant Estate is not entitled to the benefit received because circumstances exist that would make it unjust for the Defendant Estate to retain that benefit without compensating Mr. Ventura.

JURY INSTRUCTION NO. 11

I am about to instruct you as to damages, and you should understand that this should not be considered as suggesting any view of mine as to whether Mr. Ventura has proved any of his claims or is entitled to damages.

JURY INSTRUCTION NO. <u>12</u>

If you find that Mr. Ventura has proved his claim of defamation, you may presume he has suffered damages and award him the amount of money you determine he is entitled to receive for harm to his reputation and standing in the community, humiliation, and embarrassment.  No evidence of actual harm is required for you to award him these damages.

JURY INSTRUCTION NO.  13

Before you award any of the following damages that I am about to describe, you must first determine that Mr. Ventura has proved them by the greater weight of the evidence.  He has the burden of proving the nature, extent, duration, and consequences of these damages (if any) and your award may not be based on speculation or guess.

If you find that Mr. Ventura has proved his claim of defamation, you must also consider whether he has suffered economic loss as a direct result of the defamation in determining his damages.  Economic loss includes the loss of employment, as well as the denial of employment which he would have secured but for the defamation.

If you find that Mr. Ventura has proved his claim of appropriation, you must award him the greater of either the amount the Defendant Estate has gained as a direct result of the appropriation *or* the amount Mr. Ventura has lost as a direct result of the appropriation.

If you find that Mr. Ventura has proved his claim of unjust enrichment, you must award him the amount of money by which you find the Defendant Estate has been unjustly enriched.  However, if you find that Mr. Ventura's damages award for defamation and/or appropriation provide him with an adequate remedy, you may not award him any further damages for unjust enrichment.

If you find that damages you would award Mr. Ventura for one claim are duplicative of the damages you would award him for another claim, you may not award him those damages under both claims because the law does not allow double recovery.

Finally, you must not award any damages as a form of punishment or deterrent.

JURY INSTRUCTION NO.  14

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because your verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone – including me – how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence presented to you and on the legal principles which I have given to you in my instructions.  Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room.  The form has specific questions for you to answer.  The form reads:  (read form).

Consider the questions in order and follow the directions on the verdict form.  The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer in the space provided opposite each question.  As you will note from the wording of the questions, some questions should be answered only if certain answers are given to prior questions.

When each of you has agreed on the verdicts and your foreperson has entered those verdicts on the form, the foreperson should sign and date the form and advise the court security officer that you have reached a verdict.  However, you should not tell anyone what your verdict is, nor should you give the verdict form to the court security officer.