UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jesse Ventura,
a/k/a James G. Janos,                                    Civil No. 12-0472 (RHK/SER)

          Plaintiff,

v.

Taya Kyle, Executrix of the
Estate of Chris Kyle,

          Defendant.

**PLAINTIFF JESSE VENTURA'S BENCH BRIEF IN OPPOSITION TO ANY OBJECTION MADE AT TRIAL TO CROSS-EXAMINATION OF THE ESTATE'S WITNESSES REGARDING SPECIFIC ACTS OF DISHONESTY COMMITTED BY CHRIS KYLE**

This case is about whether Chris Kyle made up a false and defamatory story about Jesse Ventura. The Estate's witnesses have testified that Kyle is honest and they believe his story. Kyle, however, has a public reputation for fabricating stories about himself not unlike the one at issue here.

Under the Federal Rules of Evidence, a witness's credibility may be attacked through testimony about the witness's reputation for having an untruthful character, or by testimony in the form of an opinion about that character. Fed. R. Evid. 608(a). Where a specific instance of conduct is probative of a witness's character for truthfulness, the court may allow that specific instance to be inquired into on cross-examination, including

through cross-examination of a character witness who has testified on a party's behalf. *Id.* at 608(b).

In determining the proper scope of cross-examination under Rule 608(b), courts attempt to "balance[] each question's relevance to honesty and veracity with its prejudicial impact." *United States v. Daniele*, 886 F.2d 1046, 1054 (8th Cir. 1989). Parties are typically given "wide latitude" to challenge a witness's credibility, particularly when cross-examining a party's character witness. *United States v. McGuire*, 744 F.2d 1197, 1204 (6th Cir. 1984); *United States v. Wallace*, 722 F.2d 415, 416 (8th Cir. 1983).

The rationale for allowing a party to cross-examine a character witness regarding specific acts of dishonesty committed by the opposing party is that, if the character witness knows of the acts, such knowledge "might cast serious doubt on the witness's testimony, thus serving a legitimate rebuttal function"; if, on the other hand, the character witness has no knowledge of the acts, such testimony "would show that the witness did not know enough about the [defendant]" to testify. *United States v. Monteleone*, 77 F.3d 1086, 1089 (8th Cir. 1996).

When a party intends to cross-examine a character witness regarding his knowledge of specific acts which are "not otherwise in evidence, preliminary proceedings outside the presence of the jury should be conducted first . . . either in camera or at the bench." *United States v. Bruguier*, 161 F.3d 1145, 1149 (8th Cir. 1998). At such a proceeding, the party intending to cross-examine the character witness need only show that it has "a reasonable, good-faith basis for asking its question," and that the incidents inquired about are relevant to the opposing party's character for truthfulness. *Id.*; *see*

*also Monteleone*, 77 F.3d at 1090.  Evidence supporting the existence of the specific acts need not be independently admissible; instead, such evidence simply must demonstrate a reasonable basis for asking the questions.  *See, e.g.*, *United States v. Bah*, 574 F.3d 106, 117 (2d Cir. 2009) (allowing cross-examination of character witness regarding knowledge of a letter sent by a third-party that accused defendant of fraud); *United States v. Witmore*, 359 F.3d 609, 621–22 (6th Cir. 2004) (finding abuse of discretion where trial court precluded cross-examination on the ground that the only support for the question was in the form of inadmissible hearsay).

In order to succeed on the merits of his defamation claim, Ventura must show that Chris Kyle made the defamatory statements with knowledge of their falsity or in reckless disregard for the truth.  *Stokes v. CBS Inc.*, 25 F. Supp. 2d 992, 1003 (D. Minn. 1998).  Although Ventura intends to introduce evidence that objectively disproves Chris Kyle's version of events, the jury's decision will nonetheless turn, at least in part, on an evaluation of Chris Kyle's credibility.  This already difficult task has, unfortunately, been made more so by Chris Kyle's untimely death, as the jury will not have the benefit of evaluating his testimony in person.  Many of Chris Kyle's witnesses, including Taya Kyle, have given deposition testimony regarding their opinion of Chris Kyle's character for truthfulness.  In response to that testimony at trial, Ventura has a right to "explore the witnesses' basis for holding such an opinion" by inquiring about specific conduct indicative of a character for untruthfulness.  *See Bruguier*, 161 F.3d at 1149.

To that end, Ventura should be allowed to inquire as to the witnesses' knowledge of other stories told by Chris Kyle which, due to their inherent improbability, tend to call

his character for truthfulness into question.  *See id.*  For example, Chris Kyle once told a reporter that he was sent to New Orleans during Hurricane Katrina where, from the top of the Superdome, he and other snipers shot and killed dozens of looters during the riots. Chris Kyle has also told reporters that he shot two would-be car thieves at a gas station in Texas, for which the police let him walk away without question after calling the Department of Defense, and that he once choked a former University of Texas football star unconscious in front of a large group of people, but was never arrested or charged.

The improbable stories have been widely reported and attributed to Chris Kyle both in the media and by his friends,[1] and their pervasive nature in the public sphere is more than enough to give Ventura a reasonable, good-faith basis for asking questions about them on cross-examination.  *See Witmore*, 359 F.3d at 621–22; *see also McGuire*, 744 F.2d at 1205 ("'[Party] may test the sufficiency of [character witness's] knowledge by asking what stories were circulating concerning events . . . about which people normally comment and speculate.'") (quoting *Michelson v. United States*, 335 U.S. 469, 479 (1948)).

As the court explained in *Witmore*:

> The trial court precluded cross-examination on those matters on the ground that there was "no basis" for the cross-examination because [the] only support for them . . . was inadmissible hearsay.  Counsel, however, need only have "'a reasonable basis for asking questions on cross-examination

---

[1] *See, e.g.*, MARCUS LUTTRELL, SERVICE: A NAVY SEAL AT WAR (2012); Michael J. Mooney, *Here's What American Sniper Chris Kyle Said About His Killing Two Men at a Gas Station in 2009*, FRONT BURNER, Feb. 8, 2013; Michael J. Mooney, *The Legend of Chris Kyle*, D MAGAZINE, April 2013; Nicholas Schmidle, *In the Crosshairs*, THE NEW YORKER, June 30, 2013.

which tend to incriminate or degrade the witness,'" and "the general rule in such situations is that 'the questioner must be in possession of some facts which support a genuine belief that the witness committed the offense or the degrading act to which the question relates.'" . . . Accordingly, in excluding cross-examination on these matters as well, the district court abused its discretion.

*Id.*

Because Ventura has a reasonable, good-faith belief—based on statements made by journalists and friends with personal knowledge—that Chris Kyle has spread allegedly biographical stories about himself that tend to show his penchant for exaggeration and dishonesty, and because an assessment of his credibility is crucial in determining liability in this case, Ventura should be allowed to cross-examine the Estate's character witnesses regarding their knowledge of Chris Kyle's other false stories.

**HENSON & EFRON, P.A.**

Dated:   July 9, 2014.  By *s/ David Bradley Olsen*
David Bradley Olsen, 197944
Court J. Anderson, 331570
John N. Bisanz, Jr., 0389098
220 South Sixth Street, Suite 1800
Minneapolis, Minnesota  55402-4503
Telephone:  612-339-2500
Facsimile:   612-339-6364
e-Mail:  dolsen@hensonefron.com
canderson@hensonefron.com
jbisanz@hensonefron.com
Attorneys for Plaintiff Jesse Ventura,
a/k/a James G. Janos